**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION**

<div style="border:1px solid;">
ELECTRONICALLY
FILED
Apr 09 2026
U.S. DISTRICT COURT
Northern District of WV
</div>

**WEIRTON MEDICAL CENTER, INC.,**

      **Plaintiff,**

**v.**                                     **Civil Action No.** 5:26-CV-79 (Bailey)

**VIGILANT INSURANCE COMPANY,
and CHUBB NATIONAL INSURANCE
COMPANY,**

      **Defendants.**

## NOTICE OF REMOVAL

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

Defendants, Vigilant Insurance Company and Chubb National Insurance Company, by and through counsel, and pursuant to 28 U.S.C. § 1332, 1441, and 1446 hereby respectfully submit this Notice of Removal of this civil action from the Circuit Court of Brooke County, West Virginia, where it is currently pending, to the United States District Court for the Northern District of West Virginia. The grounds for removal are as follows:

### STATEMENT OF THE CASE

1. On or about February 25, 2026, Plaintiff filed a Complaint in the Circuit Court of Brooke County, West Virginia in a matter styled *Weirton Medical Center, Inc. v. Vigilant Insurance Company and Chubb National Insurance Company*, Civil Action No. 26-C-17 ("the State Court Action"). A copy of the summons and Complaint in the State Court Action are attached hereto as "Exhibit 1."

1

2.    The Complaint filed in the State Court Action seeks damages from Vigilant Insurance Company and Chubb National Insurance Company as a result of a disruption to the Plaintiff's water service, based on the allegations that the Defendants failed to honor Loss of Utilities coverage and Extra Expense coverage benefits owed to the Plaintiff. The Complaint seeks the recovery of both contractual and extracontractual damages, alleging claims of breach of the insurance contract, statutory and common law bad faith, and for declaratory relief.

3.    In the Complaint, Plaintiff alleges, *inter alia*, that:

a.  During the winter of 2024 into 2025, the municipal water distribution system in Weirton, West Virginia that services Plaintiff experienced widespread failures that disrupted water service. *See Complaint*, ¶ 14.

b.  Plaintiff incurred expenses in the amount of $477,860.00 as a result of this disruption of water service, due to their procurement of an emergency bulk water supply. *See Complaint*, ¶ 18.

c.  Defendants denied the Plaintiff's claim under their Vigilant Policy on the basis of a wear-and-tear exclusion. *See Complaint*, ¶ 24.

d.  Defendants' failure to pay the Loss of Utilities coverage benefits due to Plaintiff constitutes a breach of the insurance contract. *See Complaint*, ¶¶ 27, 39, 40.

e.  Defendants' handling of Plaintiff's claim was in breach of the duty of good faith and fair dealing. *See Complaint*, ¶¶ 43, 44.

f.  Defendants' handling of Plaintiff's claim otherwise violated West Virginia's Unfair Trade Practices Act, codified at WV Code § 33-11-4(9). *See Complaint*, ¶ 53.

g. Defendants' conduct in handling Plaintiff's claim constituted actual malice and/or a conscious, reckless, and outrageous indifference to the rights and welfare of the Plaintiff, warranting an award of punitive damages. *See Complaint*, ¶ 71.

4. The Complaint seeks to recover the following damages from the Defendants:

a. Compensatory damages in connection with the contractual sums due Plaintiff under the Vigilant Policy;

b. *Hayseeds* damages, including reasonable attorney's fees, net economic loss caused by delay in settlement, and damages for aggravation and inconvenience;

c. Compensatory and consequential damages in connection with the claims for statutory and common law bad faith;

d. Pre-judgment and post-judgment interest on all sums awarded;

e. Punitive damages. *See Complaint*, Prayer for Relief.

**THE PARTIES ARE DIVERSE**

5. Vigilant Insurance Company is a New York corporation with a principal place of business in New Jersey, authorized and doing business in the state of West Virginia. The Complaint in the State Court Action acknowledges that Vigilant is a foreign corporation. *See Complaint*, ¶ 2.

6. Chubb National Insurance Company is an Indiana corporation with a principal place of business in New Jersey, authorized and doing business in the state of West Virginia. The Complaint in the State Court Action acknowledges that Chubb is a foreign corporation. *See Complaint*, ¶ 3.

7.     Weirton Medical Center, Inc. ("Plaintiff") is a West Virginia non-profit corporation located in Weirton, Brooke County, West Virginia. *See Complaint*, ¶ 1.

8.     Accordingly, Plaintiff's citizenship is diverse from both Vigilant and Chubb and the requirements for removal based on diversity of citizenship are satisfied.

## AMOUNT IN CONTROVERSY

9.     The Complaint seeks compensatory damages in connection with Plaintiff's breach of contract claim, other general damages, attorneys' fees and costs, and punitive damages.

10.    The Complaint includes a specific monetary demand for relief under the breach of contract claim in the amount of $477,860.00. *See Complaint*, ¶¶ 18, 39.

11.    In addition to the breach of contract claim, Plaintiff's Complaint asserts claims against Vigilant and Chubb for violations of the West Virginia Unfair Trade Practices Act and common law bad faith. Plaintiff's Complaint seeks compensatory damages, plus an award of attorneys' fees and punitive damages.

12.    The amount in controversy is in excess of the $75,000.00 jurisdictional limits for actions removed on diversity grounds. Accordingly, the amount in controversy satisfies the requirements of 28 U.S.C. § 1332(a).

## TIMELINESS

13.    On or about March 13, 2026, CT Corporation System accepted service of the Summons and Complaint as a statutory agent for service of process for Vigilant Insurance Company. A copy of the transmittal letter from CT Corporation System is attached hereto and incorporated herein as "Exhibit 2."

13.    A copy of the docket sheet form the Circuit Court of Brooke County, West Virginia is attached hereto and incorporated herein as "Exhibit 3."

4

14.    According to the docket sheet, it appears that Plaintiff has also attempted service on Vigilant Insurance Company through the West Virginia Secretary of State, with a service date of March 16, 2026. *See Exhibit 3*.

15.    Separately, the docket sheet reflects that Plaintiff attempted service on Chubb National Insurance Company, but that said service was unsuccessful. *See Exhibit 3*.

16.    Chubb National Insurance Company was thereafter served via the West Virginia Secretary of State on March 31, 2026. A copy of the Secretary of State's transmittal letter for the Complaint is attached hereto and incorporated herein as "Exhibit 4".

17.    The Summons and Complaint served on Vigilant Insurance Company and Chubb National Insurance Company constitute a copy of all process, pleadings and orders received by the Defendants in accordance with 28 U.S.C. § 1446(a). *See Exhibit 1*.

18.    The Complaint constitutes the initial pleading setting forth the claim for relief upon which the action is based. *See* 28 U.S.C. § 1446(b).

19.    Receipt of the Summons and Complaint through CT Corporation System constitutes Defendants' first notice of the State Court Action.

20.    This Notice of Removal is timely filed within thirty days of receipt of the Complaint, pursuant to 28 U.S.C. § 1446(b)(1).

21.    This action is removable to this Court because, *inter alia*:

    a.  A defendant may remove "any civil action brought in a State court, of which the district courts of the United States have original jurisdiction…" 28 U.S.C. § 1441(a).

    b.  The federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000,

exclusive of interests and costs, and is between…citizens of different states." *See* 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 1332.

c.  The matter in controversy, as set forth in the Complaint, exceeds the sum of $75,000.00, exclusive of interests and costs.

d.  This action is between "citizens of different States," i.e., a citizen of the State of West Virginia (Plaintiff) and citizens of New York, New Jersey, and Indiana (Defendants).

## VENUE

22.    The United States District Court for the Northern District of West Virginia is the federal judicial district encompassing the Circuit Court of Brooke County, where this action is pending. For purposes of removal, venue lies in this Court pursuant to 28 U.S.C. § 1441(a).

23.    Prompt written notice of this Notice of Removal is being sent to Plaintiff through their counsel, and a copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of Brooke County, West Virginia, as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, based upon the foregoing, the requirements of 28 U.S.C. §§ 1332, 1441, and 1446 have been satisfied and the within matter is properly removable. Defendants, Vigilant Insurance Company and Chubb National Insurance Company therefore, respectfully request that this Court accept and take jurisdiction of this action. This Notice of Removal is filed subject to and with full reservation of rights, including any and all defenses and objections. No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, motions, and pleas are expressly reserved.

**VIGILANT INSURANCE COMPANY
and CHUBB NATIONAL INSURANCE
COMPANY**

**BY COUNSEL**

/s/Matthew J. Perry
Matthew J. Perry, Esquire WVSB 8589
Jill E. Lansden, Esquire WVSB 12769
**Burns White, LLC**
720 Fourth Avenue
Huntington, WV 25701
(304) 523-5400
mjperry@burnswhite.com
jelansden@burnswhite.com
*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION**

**WEIRTON MEDICAL CENTER, INC.,**

     **Plaintiff,**

**v.**                                                                 **Civil Action No.**  5:26-CV-79 (Bailey)

**VIGILANT INSURANCE COMPANY,
and CHUBB NATIONAL INSURANCE
COMPANY,**

     **Defendants.**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing NOTICE OF REMOVAL was

served on April 9, 2026 upon the following via first class United States mail:

<div align="center">

Carl A. Frankovitch, Esq.
Casey Jo Wynn, Esq.
Adriana C. DiMatteis, Esq.
FRANKOVITCH, ANETAKIS, SIMON, DECAPIO & PEARL, LLP
337 Penco Road
Weirton, WV 26002
*Counsel for Plaintiff*

</div>

<u>/s/Matthew J. Perry</u>